IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JUAN ALVARADO, § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | Civil Action No. 5:24-cv-150 |
| § | | |
| PENNYMAC LOAN SERVICES, LLC, § | | |
| *Defendant*. § | | |

## **DEFENDANT'S AMENDED NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1447(b), Defendant PennyMac Loan Services, LLC ("PennyMac" or "Defendant") files this Amended Notice of Removal removing this action from the 73rd Judicial District Court for Bexar County, Texas. Defendant submits this Amended Notice in support of its removal. Defendant respectfully shows as follows:

## **INTRODUCTION**

1. On January 31, 2024, Juan Alvarado ("Plaintiff") filed his Original Petition (the "Petition") in the 73rd District Court of Bexar County, Texas, styled *Juan Alvarado v. Pennymac Loan Services, LLC*, Cause No. 2024CI02173 (the "State Court Action"). A true and correct copy of the Docket Sheet and all pleadings in the State Court Action are attached hereto as **Exhibit A**.

2. Plaintiff asserts claims relating to a mortgage agreement with PennyMac for Property located at 1319 Sunbend Fls, San Antonio, Bexar County, Texas 78224 (the "Property"). *See* Pet. ¶¶ 4-11. Specifically, Plaintiff asserts claims for breach of contract and improper attempt to foreclose against PennyMac. *See* Pet. at ¶¶ 6-7. Plaintiff also seeks declaratory relief to force PennyMac to resend statutory notices and injunctive relief to prevent a foreclosure sale of the Property. *Id*. at ¶¶ 7-15.

3. PennyMac removes the State Court Action to this Court on the basis of diversity jurisdiction, as more fully described below.

## **PROCEDURAL REQUIREMENTS**

4. This action is properly removed to this Court because the State Court Action is pending within this district and division. 28 U.S.C. §§ 124(d)(4), 1441, 1446(a).

5. PennyMac has not been formally served. Upon information and belief, no citation has been issued and PennyMac was merely mailed a copy of the petition without citation. Because Plaintiff failed to effectuate proper service, the removal of this case is timely. 28 U.S.C. § 1446(b)(1).

6. Pursuant to 28 U.S.C. § 1446(a) and the Court's Standing Order Concerning Removed Cases, attached hereto as **Exhibit A** are true and correct copies of all pleadings in the State Court File, including the Petition, Answer, and Docket Sheet. ECF No. 3 at p. 1. PennyMac will supplement the state court file with any additional process, pleadings, and orders promptly upon receipt of the same.

7. Pursuant to 28 U.S.C. § 1446(d), PennyMac is simultaneously, with the filing of this Amended Notice of Removal, serving Plaintiff with a copy of the Amended Notice of Removal. A copy of the original Notice of Removal filed in the State Court Action is attached hereto as **Exhibit B**.[1]

8. The United States District Court for the Western District of Texas, San Antonio Division has original jurisdiction over this action based on diversity jurisdiction because PennyMac is now, and was at the time this action commenced, diverse in citizenship from Plaintiff, and the amount in controversy exceeds the minimum jurisdictional amount. *See* 28 U.S.C. § 1332(a).

---

[1] PennyMac has not included Exhibit 1 to the state court removal notice in Exhibit B because Exhibit 1 is a copy of the notice of removal filed in this Court.

**BASIS FOR REMOVAL - DIVERSITY**

9. The Court has diversity jurisdiction in this matter. Where there is complete diversity among parties and the amount in controversy exceeds $75,000, an action may be removed to federal court. 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiff is not a citizen of the same state as PennyMac. As shown below, the amount in controversy requirement is also satisfied.

**A.    Diversity of Citizenship**

10. Plaintiff is a natural person so his citizenship for diversity purposes is determined by "where [he is] domiciled, that is, where [he has] a fixed residence with the intent to remain there indefinitely." *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, at *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)). Parties must make "clear, distinct, and precise affirmative jurisdictional allegations." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.,* 929 F.3d 310, 313 (5th Cir. 2019). Plaintiff is domiciled in Bexar County, Texas. *See* Pet., ¶ 1. Plaintiff has remained in his residence located in Bexar County Texas since executing the Deed of Trust in 2017 and is in fact suing to keep his residence, which indicates a clear intent to remain in the residence indefinitely and "make the place of residence [his] home." *See* **Exhibit C**[2]; ECF No. 3 at p. 1; *MidCap Media Fin., L.L.C.*, 929 F.3d at 313. Thus, Plaintiff is a citizen of Texas.

11. Regarding LLCs, the citizenship of limited liability entities is determined by the citizenship of all their members. *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship

---

[2] Attached as Exhibit C is a true and correct copy of the Deed of Trust, found in the Bexar County public records. Pursuant to Rule 201 of the Federal Rules of Evidence, PennyMac respectfully requests that the court take judicial notice of this public record.

3

of every member of every LLC or partnership involved in a litigation." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.,* 851 F.3d 530, 536 (5th Cir. 2017). "When members or partners are themselves entities or associations, citizenship must be traced through however many layers of members/partners there are until arriving at the entity that is not a limited liability entity or partnership and identifying its citizenship status." *See Mullins v. TestAmerica, Inc.,* 564 F.3d 386, 397-98 (5th Cir. 2009); ECF No. 3 at p. 2. Defendant PennyMac Loan Services, LLC is a Delaware limited liability company. PennyMac is wholly owned by its sole member Private National Mortgage Acceptance Company, LLC ("PNMAC"). PNMAC is a Delaware limited liability company owned by its two members (1) PennyMac Financial Services, Inc., a publicly held Delaware corporation with a principal place of business located in Westlake Village, California, and (2) PNMAC Holdings, Inc., a Delaware Corporation with its principal place of business located in Westlake Village, California. Thus, PennyMac has traced through all members to establish that PennyMac is a citizen of Delaware and California.

12. Because Plaintiff is a citizen of Texas and PennyMac is a citizen of Delaware and California, there is complete diversity among the parties. *See* 28 U.S.C. § 1332(c)(1).

**B.   Amount in Controversy**

13. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper. *See White v. FCI USA, Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003). A defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs. *See St. Paul Reins. Co. v.*

*Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

14. The Court may consider actual damages, exemplary damages, and attorney fees in determining the amount in controversy. *See White*, 319 F.3d at 675-76; *St. Paul Reins. Co.*, 134 F.3d at 1253 n.7.

15. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341(5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *Martinez v. BAC Home Loans Servicing*, 777 F. Supp. 2d. 1039, 1044 (W.D. Tex. 2010). Specifically, the *Farkas* Court held that: "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy." *Id*. (citing *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973)). Thus, "'[w]hen . . . a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'" *Nationstar Mortg. LLC v. Knox*, No. 08-60887, 351 F. App'x 844, 848 (5th Cir. 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)); *see also Alsobrook v. GMAC Mortg.*, LLC, 541 F. App'x 340, No. 12-10623, 2013 WL 3929935, at *2 n.2 (5th Cir. July 31, 2013); *Copeland v. U.S. Bank Nat'l Ass'n*, No. 11-51206, 485 F. App'x 8, 9 (5th Cir. 2012) (relying on the value of the property to satisfy the amount in controversy in exercising diversity jurisdiction over appeal of foreclosure-related claims). Where a plaintiff files suit specifically seeking to enjoin the foreclosure of real property, the amount in controversy is the "current appraised fair market value of the [p]roperty" itself because "absent

5

judicial relief [the plaintiff] could be divested of all right, title and interest to the property." *Berry*, 2009 WL 2868224 at *3.

16. Here, the amount at issue exceeds $75,000, exclusive of interest and costs. Plaintiff assert claims for injunctive relief to prevent foreclosure of the Property. *See* Pet., ¶¶ 8-15. By asserting these claims, Plaintiff has put the Property and its value squarely at issue. *See Bardwell v. BAC Home Loans Servicing, LP*, No. 3:11-CV-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011) (finding value of the property at issue was an appropriate measure of the amount in controversy where the plaintiff sought to preclude the defendants from exercising their rights in the property); *see also Nationstar Mortg. LLC*, 351 F. App. at 848; *Martinez*, 777 F. Supp. 2d. at 1047; *Waller*, 296 F.2d at 547-48; *Alsobrook v. GMAC Mortg., L.L.C.*, 541 F. App. 340, 342 (5th Cir. 2013). According to the Bexar County Appraisal District, the tax assessed value of the Property is $253,931. *See* **Exhibit D**.[3] Thus, the amount in controversy is sufficient for removal.

17. Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Therefore, removal is proper.

## **NOTICE**

18. Pursuant to 28 U.S.C. § 1446(d), a copy of this original Notice of Removal was filed with the Clerk of the Court for the 73rd Judicial District for Bexar County, Texas on February 14, 2024.

---

[3] Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant respectfully requests that the Court take judicial notice of the Bexar County Appraisal District tax record for the Property. PennyMac does not contend that this particular appraisal constitutes the most accurate valuation of the Property. Such appraisal is provided only for the purpose of establishing a base line value to prove that the amount-in-controversy requirement is satisfied.

19.     The contents of **Exhibit A** constitute the entire file of Cause No. 2024CI02173 in the 73rd Judicial District Court for Bexar County, Texas.

## PRAYER

WHEREFORE, Defendant removes this action from the 73rd District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

*/s/ Christopher Garcia*
B. David L. Foster
Texas Bar No. 24031555
dfoster@lockelord.com
Christopher G. Garcia
Texas Bar No. 24120840
chris.garcia@lockelord.com
LOCKE LORD LLP
300 Colorado Street, Suite 2100
Austin, Texas 78701
(512) 305-4700
(512) 305-4800 (Facsimile)

Thomas G. Yoxall
Texas Bar No. 00785304
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
(214) 740-8000
(214) 740-8800 (Facsimile)
tyoxall@lockelord.com

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing was served via ECF on February 20, 2024 to the following:

**VIA ECF**
Lance Geppert
Lance Geppert Law, LLC
15600 San Pedro, Suite 310
San Antonio, Texas 78232
lawgeppert@gmail.com
***Attorney for Plaintiff***

                */s/ Christopher Garcia*
                Christopher Garcia